Rex, J.
The errors assigned by the plaintiff in error in *676 the District Court, as grounds for the reversal of the judgment of the Court of Common Pleas, are :
1. The verdict is not sustained by sufficient evidence, and is contrary to law.
2. The court erred in its charge to the jury.
3. The court erred in refusing to charge the jury as requested by the defendant.
There is no question made in the arguments of counsel as to the right of the defendant in error to recover on the second cause of action set out in the petition; but as the verdict is general, and was intended to respond to all the issues made in the case, it can not be separated and portions of it applied to each of the causes of action set out in the petition. It must, therefore, either be affirmed or reversed as an entirety.
The remaining question is : Are the points made by the plaintiff in his assignment of errors well taken ?
We are of opinion that the answer puts in issue the execution of the contract counted on in the first cause of .action. The case, therefore, turns upon the correctness of the instructions given to the jury by the court, and on the refusal of the court to instruct as requested.' We think the j nry should have been instructed as requested by the •defendant below; and we also think there was error in the instructions given.
Under the instructions given, the jury was authorized to return a verdict in favor of the plaintiff', for the. amount of the two shares of stock subscribed by him, notwithstanding the fact that the subscription was altered to three shares without the knowledge' or consent of the defendant, and notwithstanding, also, that the alteration was fraudulently made by the plaintiff-, or under its direction.
In order to authorize a recovery for two shares of stock upon the altered subscription, it was incumbent upon the plaintiff to show that the alteration was made without its knowledge or procurement. In the absence of such showing, the alteration being a material one, the defendant might well insist that the subscription sued on was not his. *677 contract, and might also insist that he was no longer bound for the two shares which he actually subscribed. The motion will therefore be granted, the judgments reversed, and the cause remanded.

Judgment accordingly.

Welch, C. J., White, Gilmore and McIlvaine, JJ., concurred.